```
                                                                                    C/M
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
KEVIN PHILLIP,                                              :
                                                            :  **MEMORANDUM DECISION AND**
                              Plaintiff,                    :  **ORDER**
                                                            :
            - against -                                     :  17-cv-1766 (BMC)
                                                            :
BARRY MCARDLE,                                              :
                                                            :
                              Defendant.                    :
----------------------------------------------------------- X

**COGAN**, District Judge.

Petitioner *pro se* seeks relief pursuant to 28 U.S.C. § 2254, setting aside his state court conviction for second-degree burglary. Relevant facts will be set forth below as necessary to address each point of error that petitioner has raised, but to summarize, petitioner, who exercised his right to proceed *pro se* at trial (with a legal advisor), was convicted based upon the presence of his palm prints at the scene of the burglary.

Petitioner raises two due process points in his habeas corpus petition: (1) the trial court should have appointed a second fingerprint expert; and (2) the trial court should have enforced a discovery subpoena for documents concerning the testing of his palm prints by the prosecution. Neither of these points has merit, and the petition is therefore denied.

**I.      Failure to Appoint a New Fingerprint Expert**

Petitioner's point of error presents something of a moving target as his theory continually evolved in the state courts.

Petitioner, through his legal advisor, obtained the services of Robert Garrett, a fingerprint analyst, to test the analysis performed by the prosecution's expert. Petitioner sent Mr. Garrett the

prosecution expert's latent print reports, and, as petitioner himself admits, Mr. Garrett informed petitioner's brother that he in fact had received them. Thereafter, at a hearing before the state court, the prosecutor confirmed that, at the direction of the court, the prosecution's fingerprint expert had met with petitioner's expert, Mr. Garrett, and had provided him with all of the relevant evidence. The prosecutor, however, was clear that she was not present for the meeting and had taken steps to assure that she would not learn of what had transpired in that meeting.

Initially, petitioner expressed the view that his expert had reviewed the fingerprint evidence and had reached an opinion that was not in conflict with the opinion of the prosecution's expert. Petitioner made a motion to suppress Mr. Garrett's "disfavorable" statements regarding his review of the prosecution's fingerprint evidence, claiming that Mr. Garrett's opinion was obtained via an "unlawful procedure" because Mr. Garrett had disclosed the results of his analysis to the prosecutor.

Petitioner's motion to suppress was denied as moot when the prosecution asserted that it would not seek to admit any alleged statements of Mr. Garrett at trial, so there was no need for suppression. Petitioner then moved for the appointment of a new fingerprint expert. However, he did not explain what the new expert could do that the first expert had not done or why he could not continue using the first expert, except for his theory that the expert had been compromised. The trial court denied his motion for a new expert.

After he was convicted, petitioner made a motion pursuant to New York Criminal Procedure Law § 330.30(1) to set aside the verdict, arguing that the trial court improperly denied his request for the appointment of a new fingerprint expert, again asserting that his expert had been compromised. In support of this argument, petitioner further claimed that the prosecutor

had represented to the court at the hearing on the suppression motion that petitioner's expert had reached the same conclusion as the prosecution's fingerprint expert.

However, the transcript contained no such statement by the prosecutor. Petitioner therefore further contended that the transcript must have been altered to delete the prosecutor's statement. The trial court denied his motion, finding that petitioner had already been provided with an expert who had rendered services on his behalf, and that he was simply dissatisfied with the expert's services.

On direct appeal of his conviction, petitioner again argued that he was improperly denied a second fingerprint expert. However, this time petitioner argued that his expert, Mr. Garrett, never in fact rendered services on petitioner's behalf. Petitioner accused the prosecutor of misrepresenting to the court that petitioner's expert had examined the prosecution's fingerprint evidence, when, in fact, Mr. Garrett never performed an analysis. To support this claim, petitioner asserted that he had no personal knowledge that his expert had in fact examined the evidence, and that when he filed his motion to suppress stating the contrary, he had been relying solely upon the prosecutor's statements on the record (the ones that had subsequently "disappeared" from the transcript). He also submitted a New York City Department of Finance letter, which he obtained via a Freedom of Information Law request, stating that there were no records of petitioner's expert, Mr. Garrett, submitting a voucher for payment in connection with petitioner's case.

The Appellate Division rejected petitioner's contentions and affirmed the trial court's decisions denying petitioner's request for a second fingerprint expert and his § 330.30 motion:

> A defendant seeking expert services must demonstrate that such services are necessary. The record indicates that the defendant had already been provided with an expert and did not set forth any reason why his expert could not perform any additional fingerprint or palm print analysis he needed. The defendant's contention that fingerprint expert services were never rendered on his behalf is belied by the record. Since the defendant failed to demonstrate the necessity of the expert services he requested, the Supreme Court providently exercised its discretion in denying the motion.

People v. Phillip, 139 A.D.3d 881, 881, 31 N.Y.S.3d 184, 185 (2d Dep't 2016) (citations omitted), leave to app. denied, 27 N.Y.3d 1154, 39 N.Y.S.3d 388 (2016).

Petitioner's attempt to reconstruct the facts and then predicate constitutional error upon that reconstruction fails under two prongs of the standard for analyzing habeas corpus petitions under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA").

First, the trial court's alleged factual errors that form the predicate for his argument are subject to a strict standard of review. Under 28 U.S.C. § 2254(d)(2), in reviewing a state court conviction, the federal habeas corpus court can only grant relief from a factual determination if it was "based on an unreasonable determination of the facts in light of the evidence presented in a state court proceeding." Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see Burt v. Titlow, 134 S. Ct. 10, 15 (2013). A determination of fact is not unreasonable merely because it is incorrect – the standard is "substantially higher." Schriro v. Landrigan, 550 U.S. 465, 473 (2007). "[E]ven if '[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial court's . . . determination.'" Wood v. Allen, 558 U.S. 290, 301 (2010) (quoting Rice v. Collins, 546 U.S. 333, 341-42 (2006)). Rather, a petitioner must prove that the state court's finding was "objectively unreasonable." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Objective

4

unreasonableness means that the state court's factual determination "cannot be reasonably reconciled" with the record that was before the state court. Jones v. Murphy, 694 F.3d 225, 235 (2d Cir. 2012).

I see nothing in the record that would justify overturning the trial court's factual findings that the prosecution had not known of the opinion of petitioner's expert before petitioner disclosed it, or the appellate court's finding that the expert had in fact rendered services on petitioner's behalf. Quite the opposite. As to the former, there is no gap in the transcript and the prosecutor expressly denied any knowledge of Mr. Garrett's opinion. Petitioner's insertion would thus require a substantial – not just a typographical – revision of the transcript. The prosecutor was entirely clear about her lack of any knowledge of the conclusions reached by petitioner's expert, including explaining the procedure she had followed so that she would not learn of it.

As to the latter, petitioner acknowledged multiple times that his expert had in fact analyzed the fingerprint evidence and confirmed the findings of the prosecution's expert. Petitioner's letter from the NYC Department of Finance stating that there are no records of petitioner's expert submitting a payment voucher simply indicates that his expert was not paid or did not apply for payment, not that no services were rendered.

Secondly, and perhaps more importantly, because the Appellate Division decided this point on the merits, its decision attracts the provisions of 28 U.S.C. § 2254(d)(1). That statute requires petitioner to demonstrate that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." The decision of a state court is "contrary" to clearly established federal law within the meaning of § 2254(d)(1) if it is "diametrically different" from, "opposite

in character or nature" to, or "mutually opposed" to the relevant Supreme Court precedent. Williams v. Taylor, 529 U.S. 362, 405 (2000) (internal quotation marks omitted). A state court decision involves "an unreasonable application" of clearly established federal law if the state court applies federal law to the facts of the case "in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005).

The Supreme Court has made clear that the AEDPA standard of review is extremely narrow, and is intended only as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal[.]" Ryan v. Gonzales, 133 S. Ct. 696, 708 (2013). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 88 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Since Harrington, it has repeatedly admonished the Circuit Courts of Appeals for not affording sufficient deference to state court determinations. See, e.g., White v. Wheeler, 136 S. Ct. 456, 460 (2015) ("This Court, time and again, has instructed that AEDPA, by setting forth necessary predicates before state-court judgments may be set aside, 'erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court . . . . '") (quoting, Burt v. Titlow, 134 S. Ct. at 16 (2013)).

Petitioner, although citing the due process provisions of the federal Constitution in his Appellate Division brief, referred to no Supreme Court decision that grants him a right to even a single fingerprint expert, let alone a second, and he does not cite one here. That is because there is none. The closest Supreme Court decision to the facts of his case is Ake v. Oklahoma, 470 U.S. 68, 76 (1985), which holds that a state court must appoint a psychiatrist if necessary to

6

assist an indigent defendant if sanity is genuinely an issue. However, the Supreme Court itself has noted that it has never decided whether the state is constitutionally required to pay for other experts. Caldwell v. Mississippi, 472 U.S. 320, 323 n.1 (1985). Thus, as numerous courts in this Circuit have held, Ake only applies to psychiatric consultants – there is no right under Supreme Court precedent to other experts at public expense. See Wilkerson v. New York State Bd. of Parole, No.13-cv-3817, 2015 WL 678581 at *11 (S.D.N.Y. Feb. 17, 2015) (collecting cases). Since the Supreme Court has never held that there is a constitutional right to even a single fingerprint expert, let alone a second one, petitioner's point of error fails under AEDPA.

## II.     Failure to Enforce Subpoena

Petitioner's second point of error is that the trial court, having issued a subpoena to the New York Police Department for all records relating to the lifting of the palm prints from the burglary site, deprived petitioner of due process by not enforcing the subpoena. Petitioner acknowledges that the prosecutor made affirmative representations numerous times to the trial court that all responsive documents had been produced, but contends that the trial court's acceptance of those representations was a constitutional error. The Appellate Division rejected this claim on the merits, holding that the prosecutor had

> stated on the record several times that all documents relating to the matching of the crime scene lifts with the defendant's prints had been given to the defendant, and nothing else existed. The prosecutor's representation that no other documents exist suffices to resolve the issue, and the Supreme Court is entitled to rely on that representation . . . .

Phillip, 139 A.D.3d at 882, 31 N.Y.S.3d at 185 (citations omitted).

Petitioner again faces the standard of review for factual errors under AEDPA, and cannot meet it. The trial court concluded that all documents had been produced. There is no Supreme Court case holding that a trial court cannot make that determination based on a prosecutor's

7

proffer. Petitioner offered only speculation that other documents must exist. There is no constitutional error here.

## CONCLUSION

The petition is denied and the case is dismissed. A certificate of appealability shall not issue as petitioner has failed to raise a substantial issue. See 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from the Court's Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.[1]

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      May 2, 2017

---

[1] The Clerk of Court is directed to correct the spelling of petitioner's name on the docket from "Phillips" to "Phillip."